UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHILIN PROSPERITY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JON W. DUDAS, Under Secretary of | ) | Civil Action No. 06-01471 (RWR) |
| Commerce for Intellectual Property | ) | |
| and Director of the United States | ) | |
| Patent and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE
ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), hereby moves to dismiss, or in the alternative, to transfer plaintiff's action, brought pursuant to 5 U.S.C. § 701 et seq., 28 U.S.C. § 1651 and 35 U.S.C. § 1 et seq., for lack of venue.

## I. BACKGROUND

Plaintiff Michilin Prosperity Co., Ltd. ("Michilin") owns U.S. Patent No. 6,550,701 ("the '701 patent"). Compl., ¶¶ 8-9; Exh. A. Michilin filed with the USPTO a "Request for Certificate of Correction under 37 C.F.R. § 1.322" seeking to correct an alleged error in claim 4 of the '701 patent. Id., ¶ 14; Exh. B. The USPTO denied Michilin's request. Id., ¶ 16; Exh. C. Michilin appealed this denial by filing a "Petition to the Director [of the USPTO]." Id., ¶ 16; Exh. D. The Director denied Michilin's Petition in a "Decision on

2

Petition." *Id.*, ¶ 18; Exh. E.  In the present action Michilin seeks reversal of the Director's

Decision on Petition.

## II.  ARGUMENT

### A.  The Only Proper Venue for this Action is the Eastern District of Virginia

Plaintiff bears the burden of showing proper venue for the court it has chosen for its

action.  *See Freeman v. Fallin*, 254 F.Supp.2d 52, 56 (D.D.C. 2003).  Plaintiff alleges that

venue is proper in the District of Columbia "because Under Secretary of Commerce has his

primary office in this district . . . and [plaintiff] resides in a foreign country, and for purposes

of venue under the patent law, resides in the District of Columbia.  35 U.S.C. § 146, 2nd ¶."

Compl., ¶ 6.  Plaintiff's argument is without merit.

Title 28 U.S.C. § 1391(e) indicates that

> A civil action in which a defendant is an officer or employee of the United
> States or any agency thereof acting in his official capacity . . . may, except as
> otherwise provided by law, be brought in any judicial district in which (1) a
> defendant in the action resides, (2) a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of the property that is the
> subject of the action is situated, or (3) the plaintiff resides if no real property is
> involved in the action.

The District of Columbia does not meet any of these conditions for venue.

#### 1.  Defendant Resides in the Eastern District of Virginia, Not in the District of Columbia

First, defendant Jon Dudas does not reside in the District of Columbia, but rather, for

venue purposes, in the Eastern District of Virginia.  Michilin is suing Mr. Dudas in his

official capacity, Compl., ¶ 2, and as such is suing the USPTO itself.  *See, e.g., Larson v.*

*Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 701-04 (1948) (holding that a suit

3

against an agency head in his official capacity is one against the agency itself).  Since the

enactment of 35 U.S.C. § 1(b) in 1999, as part of the American Inventor's Protection Act

("AIPA"),[1] the USPTO resides where its principal office is located.:

> The United States Patent and Trademark Office shall be deemed,
> for purposes of venue in civil actions, to be a resident of the
> district in which its principal office is located.

35 U.S.C. § 1(b).[2]  The USPTO's "principal office" is located in Alexandria, Virginia, within

the Eastern District of Virginia.  *See* Exhibit 1 hereto (July 1, 2005 press release announcing

the USPTO's move to its new headquarters in Alexandria, Virginia); Exhibit 2 hereto (excerpt

from Department of Commerce website demonstrating that Director Dudas' office is in the

USPTO's Virginia headquarters).  Therefore, the defendant in this action resides in the

Eastern District of Virginia.

    This district has previously recognized that in view of the "clear, unambiguous

language of 35 U.S.C. § 1(b)," the USPTO resides in the Eastern District of Virginia.  *See*

*Boundy v. USPTO*, No. 01-879, 2002 WL 32166534 at *1 (D.D.C. 2002) (copy attached).  In

*Boundy*, the court stated that

> [T]he Court will not find the [USPTO] resident in this District,
> when the clear mandate of Congress is to place venue in the
> Eastern District of Virginia.  This suit is an administrative

---

[1] Pub. L. No. 106-113, § 4711, 113 Stat. 1501A-572 (1999).

[2] Prior to the enactment of the AIPA, the USPTO could have been deemed to reside in
the District of Columbia, because the agency was fully connected to the U.S. Department of
Commerce which is located in the District of Columbia.  However, the AIPA separated the
USPTO from the Commerce Department for operational purposes, and Congress made clear
that the USPTO resides in "the district in which [the USPTO's] principal office is located."
Pub. L. No. 106.113, § 4711, 113 Stat. 1501A-572 (1999).

4

> agency review and is focused on the actions of the agency.
> Congress has clearly intended that these suits be heard in the
> Eastern District of Virginia.

*Id.* at *2 (footnote omitted).  Since *Boundy* was decided, the USPTO moved its principal office

from Arlington, Virginia to Alexandria, Virginia, still within the Eastern District of Virginia.

*See* Exhibit 1.  Therefore, under 35 U.S.C. § 1(b), the USPTO should be found to reside in

the Eastern District of Virginia.

### 2.   The events or omissions underlying plaintiff's claim occurred in the Eastern District of Virginia and no property is situated in the District of Columbia

Second, the events or omissions underlying Michilin's claim occurred in the Eastern

District of Virginia, not in this district.  Michilin's suit seeks judicial review of actions taken

by the USPTO; specifically, the USPTO's issuance of its Decision on Petition.  Compl., §§

10-21.  The USPTO's Decision on Petition issued from its principal offices in Alexandria,

Virginia.  *See* Compl., Exh. E (defendant's "Decision of Petition" bearing Alexandria,

Virginia address).  Further, no property is situated in the District of Columbia.  *See Beverly*

*Hills Fan Company v. Royal Sovereign Corp., et al.,* 21 F.3d 1558, 1570 (Fed. Cir.

1994)("questionable to attribute to a patent right a single situs[ when] a patent is a federally

created property right, valid throughout the United States.")

### 3.   Plaintiff Does Not Reside in the District of Columbia

Third, Michilin does not reside in this district.  Michilin is a Taiwanese corporation

residing in Taipei, Taiwan.  Compl., ¶ 1.  In general, alien plaintiffs such as Michilin have no

residence in the United States for venue purposes.  *Fleifel v. Vessa*, 503 F. Supp. 129, 130

(D.W.Va. 1980) (*citing Brunette Machine Works, Ltd. v. Kochum Industries, Inc.*, 406 U.S.

5

706 (1972)); *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction

2d § 1310 at 96-97 (unless some special venue statute applies, alien plaintiffs must bring suit

in district in which defendant resides or where claim arose).

Michilin contends that because it resides in a foreign country, it is deemed for venue

purposes to reside in the District of Columbia under 35 U.S.C. § 146, 2nd ¶.  Compl., ¶ 6.

This is false.  Section 146 provides venue in the District of Columbia only for a specific cause

of action:  a civil action seeking district-court review of an "interference" decision by the

USPTO's Board of Patent Appeals and Interferences ("BPAI").  An "interference" is a

proceeding "to resolve the question of priority of invention when more than one applicant

seeks a patent on substantially the same invention."  *Scimed Life Systems, Inc. v. Medtronic*

*Vascular, Inc.*, Civ. No. 01-2015, 2006 WL 1102834, at *1 (Mar. 31, 2006) (*quoting* 3A-10

Donald S. Chisum, Chisum on Patents § 10.09[1][a] (2006)); *see also* 35 U.S.C. § 135(a).

The BPAI is an entity of the USPTO that decides in the first instance which party to an

interference is the first to invent the subject matter at issue.  35 U.S.C. § 135(a).  The losing

party may appeal the adverse determination in a Federal district court under 35 U.S.C. § 146.

If there is an adverse party that resides in a foreign country, the United States District Court

for the District of Columbia has jurisdiction and, by extension, venue, over the appeal:

> Any party to an interference dissatisfied with the decision of the
> Board of Patent Appeals and Interferences on the interference,
> may have remedy by civil action.
> . . . . Such suit may be instituted against the party in interest as
> shown by the records of the Patent and Trademark Office at the
> time of the decision complained of, but any party in interest may
> become a party to the action.  If there be . . . an adverse party
> residing in a foreign country, the United States District Court for
> the District of Columbia shall have jurisdiction.

6

35 U.S.C. § 146.[3]

It is clear from Michilin's complaint that 35 U.S.C. § 146 has *no* application to the present suit. Michilin's claim does not involve any dispute over priority of inventorship, but rather is a dispute over whether the USPTO erred in determining not to correct an alleged error in Michilin's '701 patent. Compl., ¶¶ 10-21, pp. 4-5. Moreover, Michilin is not seeking review of any BPAI decision, much less one involving an interference. *See* Compl. at 6. Thus, Section 146 is inapplicable to the present action and cannot confer District of Columbia residency on Michilin.[4]

**B.    Venue for this Action Is Not Proper Merely Because Plaintiff Brought a Patent-Infringement Action Involving the Same Patent in this Court**

The USPTO understands that Michilin brought a patent-infringement action involving the same patent in this Court.[5] While this might have been a factor in favor of retaining this action in the District of Columbia if venue here was *otherwise proper* under the venue statute, there is no legal support for *ignoring* the venue statute under such circumstances. "The requirement of venue is specific and unambiguous; it is not one of those vague principles

---

[3] Adverse interference decisions may also be appealed to the United States Court of Appeals for the Federal Circuit. 35 U.S.C. § 141.

[4] There are certain other actions in which the USPTO is named as a defendant that may be properly brought in this district. *See, e.g.*, 35 U.S.C. § 32 (suspension or exclusion of practice cases heard in the District of Columbia); 35 U.S.C. § 145 (civil action to review adverse patent-examination decision of the BPAI heard in the District of Columbia). Neither of these provisions apply to Michilin's suit.

[5] *Michilin Prosperity Co. v. Fellowes Mfg. Co.*, Civ. No. 04-1025 (RWR). On August 30, 2006, the Court granted defendant's motion for summary judgment of non-infringement. *Michilin Prosperity Co. v. Fellowes Mfg. Co.*, – F.Supp.2d – , 2006 WL 2511238 (Aug. 30, 2006).

which, in the interest of some overriding policy, is to be given 'a liberal' construction."

*Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953).  The present situation is wholly

different from a case where a court is faced with weighing various factors in choosing between

two *proper* venues.  *See, e.g.*, *Jyachosky v. Winter*, Civ. No. 04-01733, 2006 WL 1805607,

at *4-6 (D.D.C. June 29, 2006) (determining, under 28 U.S.C. § 1404(a), to transfer

complaints to Eastern District of Virginia even though venue for complaints is also proper in

the District of Columbia).  Here, the statutory limitations of Section 1391(e) make clear that

venue is not proper in the District of Columbia.

### III.  CONCLUSION

Because (1) the USPTO resides in the Eastern District of Virginia; (2) the events or

omissions underlying Michilin's claim occurred in the Eastern District of Virginia; and (3)

Michilin does not reside in any judicial district within the United States; the only proper venue

for this action is the Eastern District of Virginia.  Accordingly, this case should be dismissed

for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).  Alternatively, this

Court may transfer this action to the United States District Court for the Eastern District of

Virginia under 28 U.S.C. § 1406(a).

8

Respectfully submitted,


  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


  /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
Telephone: (202) 307-0406



*Of Counsel*:
John M. Whealan
Solicitor, U.S. Patent and Trademark Office

Benjamin D. M. Wood
Raymond T. Chen
Associate Solicitors

9

## CERTIFICATE OF SERVICE

I certify that, on this 30th day of October 2006, the foregoing, and the attached Order, were mailed postage prepaid to:


Thomas J. Moore
Bacon & Thomas, PLLC
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176


                                          /s/
                            _____
                                MARIAN L. BORUM
                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHILIN PROSPERITY CO., LTD.,    )
    )
    Plaintiff,    )
    )
    v.    )
    )
JON W. DUDAS, Under Secretary of    )    Civil Action No. 06-01471 (RWR)
    Commerce for Intellectual Property    )
    and Director of the United States    )
    Patent and Trademark Office,    )
    )
    Defendant.    )
_____)

## ORDER

This matter is before the Court on defendant's Motion to Dismiss for Lack of Venue, or in the Alternative, to Transfer.  Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2006,

**ORDERED** that Defendant's Motion to Transfer should be and hereby is GRANTED.

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHILIN PROSPERITY CO., LTD.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **JON W. DUDAS, Under Secretary of** | )    **Civil Action No. 06-01471 (RWR)** |
| **Commerce for Intellectual Property** | ) |
| **and Director of the United States** | ) |
| **Patent and Trademark Office,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**ORDER**

        This matter is before the Court on defendant's Motion to Dismiss for Lack of Venue, or in

the Alternative, to Transfer.  Upon consideration of this Motion and the entire record of this case, it

is this _____ day of _____, 2006,

        **ORDERED** that Defendant's Motion to Dismiss should be and hereby is GRANTED.


                                         _____
                                         RICHARD W. ROBERTS
                                         UNITED STATES DISTRICT JUDGE

Copies to:


Marian L. Borum
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Room E4810
Washington, DC  20530

Thomas J. Moore
Bacon & Thomas, PLLC
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176