Not Reported in F.Supp.2d                                                                                        Page 1
Not Reported in F.Supp.2d, 2002 WL 32166534 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Boundy v. U.S. Patent and Trademark Office D.D.C.,2002.Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Bruce K. BOUNDY, Plaintiff,
v.
UNITED STATES PATENT AND TRADEMARK OFFICE, et al., Defendants.
**No. Civ.A. 01-879(CKK).**

Oct. 2, 2002.

ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
KOLLAR-KOTELLY, J.

(October *10,* 2002)

***1** This case is before the Court on Defendants' Motion to Dismiss or For Change of Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § § 1404(a) and 1406(a). After reviewing the motion, the opposition, the reply, and the applicable law, the Court denies Defendants' Motion to Dismiss, grants Defendants' Motion for Change of Venue, and orders the Clerk of the Court to transfer this case forthwith to the Eastern District of Virginia pursuant to 28 U.S.C. § § 1404(a) and 1406(a). Finding little merit in much of Plaintiff's lengthy opposition, the Court declines to address each issue raised by Plaintiff point-by-point. Rather, the Court focuses on the statutory framework regarding venue for the United States Patent and Trademark Office, which is unambiguous, and provides that venue is appropriate in the Eastern District of Virginia and not the District of Columbia.

According to the general venue provision for suits against agencies of the United States:
A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). In this case, there is no real property involved in the action. *See* Am. Compl., *passim.* Moreover, Plaintiff is a resident of Michigan, and therefore cannot rely on subsection 3 to support venue in the District of Columbia. Am. Compl. ¶ 8. Thus, the venue inquiry before the Court is whether Defendants reside in this judicial district or whether a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

*Defendants' Residence*

Pursuant to the clear, unambiguous language of 35 U.S.C. § 1(b), Defendants reside in the Eastern District of Virginia. Section 1(b) provides:
The United States Patent and Trademark Office shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located, except where jurisdiction is otherwise provided by law.

35 U.S.C. § 1(b). Defendants' principal office is located in Arlington, Virginia. *See* Defs.' Mot., Ex. 1, Decl. of Esther M. Kepplinger ("Kepplinger Decl.") ¶ 2. Thus, venue is appropriate in the Eastern District of Virginia unless Plaintiffs' claim is premised on a statute that provides for venue within this jurisdiction. *See e.g.,* 35 U.S.C. § § 32 (suspension or exclusion of practice cases heard in the District Court for the District of Columbia), 145 (civil action to obtain patent heard in the District Court for the District of Columbia), 146 (interference actions where "adverse parties resid[e] in a plurality of districts not embraced within the same state" heard in the District Court for the District of Columbia). Plaintiff has not brought suit under any of these provisions or any provision that vests venue exclusively in the District of Columbia. As Section 1(b) provides, Defendants reside exclusively in the Eastern District of Virginia for purposes of Plaintiff's litigation.FN1

> FN1. Given the unambiguous text of the statute, the Court sees no reason to permit discovery over the issue of Defendants' residence as requested by Plaintiff.

***2** Plaintiff seeks to rebut this by suing a number of individuals in their official capacities, whom he claims are resident in the District of Columbia by virtue of their official duties in the District. Pl.'s Opp'n at 18. Other district courts have generally concluded that "[i]n determining the residence of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                   Page 2
Not Reported in F.Supp.2d, 2002 WL 32166534 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

public official sued in his official capacity, the test of residence is where official duties are performed." *Doe v. Casey,* 601 F.Supp. 581, 584 (D.D.C.1985) (concluding that Director of CIA was a resident of the District of Columbia even though he maintained an office in Virginia), *rev'd on other grounds,* 796 F.2d 1508 (D.C.Cir.1986). Despite this general principle, the Court invokes its discretionary power under 28 U.S.C. § 1404(a) to transfer this case to the Eastern District of Virginia for these individual Defendants.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Six private considerations and three separate public considerations underlie transfer determinations:
The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses ..., but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Wilderness Soc'y v. Babbitt,* 104 F.Supp.2d 10, 12 (D.D.C.2000) (quoting *Trout Unlimited v. Dep't of Agric.,* 944 F.Supp. 13, 16 (D.D.C.1996)). In this case, the balance of factors strongly weigh in favor of this case being heard in the Eastern District of Virginia. Defendants' offices, personnel, and records are located in Arlington, Virginia. The patent examination complained of by Plaintiff and the supervision of that examination took place in Arlington, Virginia. Plaintiff also fails to allege any prejudice to him in having the case transferred to the Eastern District of Virginia. Pl.'s Opp'n at 26. There is absolutely no meaningful nexus between Plaintiff's claims and the District of Columbia. Therefore, after weighing the factors, and after giving due consideration to Plaintiff's choice of the forum, the Court finds that under section 1404(a), this case should be transferred to the Eastern District of Virginia.

Moreover, in this case, there is an explicit statute that vests residence of the agency in the Eastern District of Virginia. To permit Plaintiff to avoid the requirements of 35 U.S.C. § 1(b), by adding the Director of the United States Patent and Trademark Office to the case, would obviate Congress' clear intention to have the venue for these kinds of actions in the Eastern District of Virginia. As such, the Court will not find the agency resident in this District, when the clear mandate of Congress is to place venue in the Eastern District of Virginia.[FN2] This suit is an administrative agency review and is focused on the actions of the agency. Congress has clearly intended that these suits be heard in the Eastern District of Virginia.

> FN2. Plaintiff requests permission to amend the Complaint to add the Secretary of Commerce in the obvious hope of providing venue in this forum. Pl.'s Opp'n at 23-24. The Director of the United States Patent and Trademark Office has the final authority on the administrative petitions, on which Plaintiff bases his Complaint. 37 C.F.R. § § 1.181-1.183. Thus, the Secretary of Commerce would not be a proper Defendant in this action. There is nothing that the Court could order the Secretary of Commerce to do to satisfy Plaintiff's Complaint. Thus, amending the Complaint to add the Secretary of Commerce would be futile. Additionally, this suit is against actions taken by the United States Patent and Trademark Office. Adding parties to the suit to provide venue in this District would thoroughly circumvent Congress' clear intention to vest these types of actions in the Eastern District of Virginia and be nothing more than an elevation of form over substance.
>
> Additionally, Plaintiff's request for an extension of time so that service of the Compliant can be personally effected on the Director is denied because such service would not change the Court's view that the proper forum for this action is the Eastern District of Virginia.

**\*3** Plaintiff attempts to contradict this point by stating that some of the acts complained of in his complaint occurred while the United States Patent and Trademark office was "*de jure* within the District of Columbia for purposes of jurisdiction and venue." Pl.'s Opp'n at 3. The current version of 35 U.S.C. § 1(b) went into effect on March 29, 2000.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 32166534 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

As Plaintiff contends that certain of his claims predated the effective date of the venue statute, he argues that this district should be open to hear his claims. This argument is in error because venue is an entirely procedural matter that must be decided pursuant to the applicable venue statutes at the time the litigation is filed. 17 James Wm. Moore *et al., Moore's Federal Practice,* § 110.01[2], at 14 (3rd ed. 2002) ("A venue question must be decided pursuant to the applicable venue statutes in effect at the time the action is filed. Venue is wholly procedural in nature. Thus, a litigant cannot gain any vested right because of another statute or former version of the statute that may have been in effect at the time the events on which the action is based."). Accordingly, at the time this litigation was filed, 35 U.S.C. § 1(b) was in effect and venue was appropriate in the Eastern District of Virginia.

*A Substantial Part of the Events or Omissions Giving Rise to the Claim Occurred*

Defendant have provided that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Arlington, VA. Kepplinger Decl. ¶ 2 ("All of the USPTO's patent examiners are located at the principal office in Crystal City, Arlington, Virginia. All of the USPTO's patent examination, and all of the supervision of the USPTO's patent examiners, takes place at the principal office in Crystal City, Arlington, Virginia."). Venue over Plaintiff's claims, pursuant to 28 U.S.C. 1391(c)(2), is in the Eastern District of Virginia. Plaintiff's argument that the United States Patent and Trademark Office's mail drop address in the District of Columbia is sufficient to confer venue, fails. The Court simply cannot conclude that a mail drop box in the District of Columbia is where a substantial part of the events or omissions giving rise to the claim occurred. As such, the Court finds that a substantial part of the events or omissions giving rise to the claim did not occur in the this District, but rather in the Eastern District of Virginia.

*Conclusion*

Finding Plaintiff's other arguments lacking in merit, the Court, finds that venue is not appropriate in this District. Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), and in the interest of justice, the Court shall order this case transferred to the Eastern District of Virginia.[FN3] Accordingly, it is, this *10* of October, 2002, hereby

FN3. Plaintiff alternatively requests this relief, as opposed to transferring the case to a judicial district in the state of Michigan. Pl.'s Opp'n at 27.

ORDERED that Defendants' Motion to Dismiss [# 12-1] is DENIED; it is further

ORDERED that Defendants' Motion for Change of Venue [# 12-2] is GRANTED; and it is further

ORDERED that the above-captioned matter shall be and hereby is TRANSFERRED to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

**\*4** SO ORDERED.

D.D.C.,2002.
Boundy v. U.S. Patent and Trademark Office
Not Reported in F.Supp.2d, 2002 WL 32166534 (D.D.C.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32153928 (Trial Motion, Memorandum and Affidavit) Federal Trade Commission's Memorandum of Points and Authorities in Opposition to Class Plaintiffs' Petition for Award of Counsel Fees and Reimbursement of Expenses (Jan. 02, 2002)
• 1:01cv00879 (Docket) (Apr. 23, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.