IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHILIN PROSPERITY CO., LTD.,

               Plaintiff,

      v.

DUDAS, Jon, Under Secretary of Commerce for
Intellectual Property and Director of the United
States Patent and Trademark Office,

            Defendant

Case No.    1:06-cv-01471-RWR

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

Plaintiff, MICHILIN PROSPERITY CO., LTD. (referred to below as "Michilin"), submits this Memorandum in opposition to the motion titled "DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF" (referred to below as the "Motion") served by Defendant, Jon Dudas (referred to below as "Dudas") on October 30, 2006. This submission is in compliance with Federal Rules of Civil Procedure and this Court's Local Rules (referred collectively to below as the "Court Rules").

This page is followed by a Table of Contents, a Table of Authority, a Statement of Facts, and an Argument.

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

## Table of Contents

Item                                                                                                   Page

Table of Authority .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      THE PRESENT MOTION IS GOVERNED BY THE COURT RULES. . . . . . . . . . . . . 3

II.     VENUE IS PROPER IN THIS JUDICIAL DISTRICT BECAUSE A SUBSTANTIAL PART
        OF THE PROPERTY THAT IS THE SUBJECT OF THE ACTION IS SITUATED IN THIS
        DISTRICT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    IN THE ALTERNATIVE, VENUE IS PROPER IN THIS JUDICIAL DISTRICT BECAUSE
        THE DEFENDANT IS RESIDENT IN THIS DISTRICT. . . . . . . . . . . . . . . . . . . . . . . . 5

IV.     IN THE ALTERNATIVE, IF THIS COURT FINDS VENUE IMPROPER IN THIS
        DISTRICT, THEN THE CASE SHOULD BE TRANSFERRED NOT DISMISSED. . . . 6

V.      THE PRESENT CASE SHOULD PROCEED IN THIS COURT IF THE FACTORS FOR
        PERMISSIVE TRANSFER ARE CONSIDERED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF VENUE OR, IN THE
ALTERNATIVE, TO TRANSFER
Case No. 1:06-cv-01471-RWR**

# Table of Authority

Cases                                                                                          Page(s)

*Boundy v. United States Patent and Trademark Office*,
    2002 WL 32166534 (D.D.C. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Fleming v. Ford Motor Company*,
    2006 U.S. Dist. Lexis 11438 (D.D.C. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8


Statutes                                                                                       Page(s)

28 U.S.C. §1391(e) (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

28 U.S.C. §1404 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §1406(a) (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1651. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

35 U.S.C. §1 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

35 U.S.C. §261 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. §701 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rule of Civil Procedure  7(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Rule of Civil Procedure 12 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule of Civil Procedure 45(b)(2) (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

Other                                                                                          Page(s)

Local Rule 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

## STATEMENT OF FACTS

On April 22, 2003, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,550,701 (referred to below as the "patent") to the inventor, Frank Chang.  The patent was subsequently assigned to Michilin.  A copy of the patent is Exhibit A to the Complaint.

On June 22, 2004, Michilin filed in this judicial district a lawsuit that alleges infringement of the patent, which lawsuit is Michilin Prosperity Co., Ltd. v. Fellowes, Inc., Case No. 1:04-cv-01025-RWR-JMF (referred to below as the "patent infringement suit"), and is currently pending with a counterclaim which asserts that the patent is invalid.  Exhibit A hereto is a copy of the docket sheet from the patent infringement suit.

On October 20, 2004, Michilin filed a Request for Certificate of Correction, which is Exhibit B to the Complaint.

On or about March 2005, Dudas denied the request.  This decision is Exhibit C to the Complaint.

1

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

On April 19, 2005, Michilin filed a Petition seeking review of the aforesaid decision.  A copy of the Petition is Exhibit D to the Complaint.

On June 7, 2006, Dudas issued a Decision on Petition which is Exhibit E to the Complaint, and which states that the Petition is denied.

On August 21, 2006, the present civil action was filed seeking review of the Decision on Petition.

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

# ARGUMENT

## I.    THE PRESENT MOTION IS GOVERNED BY THE COURT RULES.

The Court Rules provide for motions.  Federal Rule of Civil Procedure 7(b)  provides for

motions.  Fed. R. Civ. P. 7(b).  Local Rule 7 provides for a motion, an opposition, and a reply,

LCvR7.

## II.    VENUE IS PROPER IN THIS JUDICIAL DISTRICT BECAUSE A SUBSTANTIAL PART OF THE PROPERTY THAT IS THE SUBJECT OF THE ACTION IS SITUATED IN THIS DISTRICT.

The venue statute provides that a "civil action in which a defendant is an officer or employee

of the United States ... may except as otherwise provided by law, be brought in any judicial district

in which ... (2) a substantial part of the events or admissions giving rise to the claim occurred, or a

substantial part of the property that is the subject of the action is situated ...."  28 U.S.C. §1391(e)

3

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

(2002).  Venue is proper in this judicial district because a substantial part of the property that is the subject  of the present action is situated in this district.

The plain meaning of the statute is quite clear.  The term "property" is broad enough to include personal property, real property and intellectual property.  There is no need to look at the legislative history when the plain meaning of a statute is clear.

The present civil action seeks to compel Dudas acting in his capacity as the Undersecretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office, to issue a Certificate of Correction of the patent.

A patent is both intellectual property[1] and personal property.  "Subject to the provisions of this title, patents shall have the attributes of personal property."  35 U.S.C. §261 (1982).

A substantial part of the patent is situated in this district, because the patent is asserted in the patent infringement suit, with a counterclaim of patent invalidity, that is currently pending in this

---

[1]  The term "intellectual property" is defined as including patents in a glossary at  the web site of the U.S. Patent and Trademark Office, see http://www.uspto.gov/main/glossary/index.html#i.

4

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

district.  In the patent infringement suit, a Memorandum Order was filed on November 7, 2006,

which limits the scope of the patent claims, and which is subject to appeal.

**III.    IN THE ALTERNATIVE, VENUE IS PROPER IN THIS JUDICIAL DISTRICT**
**BECAUSE THE DEFENDANT IS RESIDENT IN THIS DISTRICT.**

In the alternative, venue is proper in this district because the defendant, Dudas, officially

resides in this district.  Venue is proper in any judicial district in which "a defendant in the action

resides," as stated in 28 U.S.C. §1391(e) (2002).  The Motion points out that the United States Patent

and Trademark Office is located in Alexandria, Virginia, which is not in this judicial district.

However,  Mr. Dudas also has the title of "Undersecretary of Commerce of Intellectual Property."

The United States Department of Commerce is located within this judicial district (see generally,

www.commerce.gov).

The Motion cites the case of *Boundy v. United States Patent and Trademark Office*, 2002 WL

32166534 (D.D.C. 2002).  A copy of the decision is attached to the Motion.  The *Boundy* case lists

the defendant as the agency, not the individual.  Mr. Dudas is an individual who has two titles:  (1)

Undersecretary of Commerce of Intellectual Property; and (2) Director of the United States Patent

DEFENDANT'S MOTION TO DISMISS
FOR LACK OF VENUE OR, IN THE
ALTERNATIVE, TO TRANSFER
Case No. 1:06-cv-01471-RWR**

and Trademark Office.  Under the latter title, he is clearly a resident of Alexandria, Virginia.  Under the former title, it is respectfully submitted that he is clearly resident in this judicial district.

The *Boundy* case is readily distinguishable from the present civil action, because the patent at issue in *Boundy* was not the subject of a pending lawsuit for patent infringement in this judicial district.  The court in *Boundy* commented that "[t]here is absolutely no meaningful nexus between Plaintiff's claims and the District of Columbia."   In the present civil action, there is a meaningful nexus, namely, this court has jurisdiction to determine the validity of the patent in the co-pending patent infringement suit.

## IV.    IN THE ALTERNATIVE, IF THIS COURT FINDS VENUE IMPROPER IN THIS DISTRICT, THEN THE CASE SHOULD BE TRANSFERRED NOT DISMISSED.

The transfer of a case is contemplated by the Federal Rule of Civil Procedure 12 (2002), which provides in part (b) that a motion for improper venue may be responsive to a complaint.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to district or division in which it could have been brought." 28 U.S.C. §1406(a) (1996).  Michilin respectfully submits that it would be in the interest of justice to transfer the case, rather than to dismiss the case.  The Motion does not cite

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

any basis for dismissing the case, except to state that this option is available under the law. Michilin

respectfully submits that a transfer would be in the interest of justice, because it would maintain the

filing date of the Complaint, and not adversely affect the rights of Dudas.

**V.    THE PRESENT CASE SHOULD PROCEED IN THIS COURT IF THE FACTORS**
**FOR PERMISSIVE TRANSFER ARE CONSIDERED.**

A court may  transfer for change of venue, 28 U.S.C. §1404 (1996), provided that certain

factors are considered.  The factors are stated in *Fleming v. Ford Motor Company*, 2006 U.S. Dist.

Lexis 11438 (D.D.C. 2006):

> If the action might have been filed in the proposed transferee district, then a court
> considers and balances case-specific factors, including the public interest as well as the
> private interests of the parties and witnesses. [Citations omitted.] The private interests courts
> typically consider include (1) the plaintiff's choice of forum, (2) the defendants' choice of
> forum, (3) the convenience of the parties, (4) where the claim arose, (5) the convenience of
> the witnesses, and (6) the ease of access to sources of proof. [Citation omitted]  Public
> interest factors courts typically consider, if relevant, include (1) the transferee court's
> familiarity with governing law, (2) the relative congestion of the courts involved, and (3) the
> local interest in deciding local controversies at home.  [Citation omitted]  Ultimately, if the

7

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF VENUE OR, IN THE
ALTERNATIVE, TO TRANSFER
Case No. 1:06-cv-01471-RWR**

balance of private interests and public interests favors transfer of venue, then the transferor

court has discretion to permit a transfer.

*Id*. at 4-5.  If these factors are consider in the case at bar, then transfer should be denied.

Under the private interest considerations, number 1 is plaintiff's choice of forum.  In the

present case, plaintiff has chosen this court.

Under the private interest considerations, number 2 is the defendant's choice of forum which

is the proposed transferee court.

Private interest consideration number 3 is the convenience of the parties.  This court has only

one location which is within ten miles of defendant's office in Alexandria, within walking distance

of the office of the Assistant U.S. Attorney who is counsel for defendant, and within six miles of the

office of plaintiff's counsel.  The trip to this court from defendant's office in Alexandria is an easy

one on the public transit system known as Metrorail, which has a station within blocks of this court,

and a station within blocks of defendant's office in Alexandria.  This court clearly has subpoena

power over persons in the United States Patent and Trademark Office in Alexandria pursuant to the

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

100 mile radius provision in Federal Rule of Civil Procedure 45(b)(2) (2005), which will not be changed by the amendment to become effective on December 1, 2006.

The proposed transferee court has multiple locations. Defendant seeks trial of the case in the Alexandria Division, but there is no guarantee that the case will not be transferred to the Richmond Division or the Norfolk Division. The Alexandria Division is within walking distance of both the defendant's office in Alexandria, and the Alexandria office of the U.S. Attorney who would presumably become counsel for defendant, and within six miles of the office of plaintiff's counsel. The Richmond Division is about one hundred miles away by automobile, and the Norfolk Division is about 180 miles away by automobile, and each of these automobile trips includes the notoriously congested stretch of Interstate 95 between Alexandria and Richmond.

It is noted that some patent infringement cases filed in Alexandria have been transferred to Norfolk or Richmond. One example is *Fellowes, Inc. v. Michilin Prosperity Co., Ltd.* (the latter being the plaintiff in the case at bar), which was filed in Alexandria and immediately transferred to Norfolk. Exhibit B hereto is copy of the first page of the Complaint in that case, which has the date stamp of the Alexandria Division at the upper right. Exhibit C is a copy of the first page of the Summons in that case, which state that the case is before the "Norfolk Division."

9

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

Private interest consideration number 4 is whether the claim arose elsewhere.  Defendant may argue that the Decision on Petition was drafted and issued in Alexandria.  However, the claim arose in this district, when this court denied Michilin's motion to correct claim 4 of the patent.  The motion to correct claim 4 is item number 24 in the docket sheet from the patent infringement suit (see Exhibit A hereto).  The motion to correct claim 4 was denied by this court as stated in the Amended Memorandum and Order dated March 7, 2006 (a copy of which is Exhibit D hereto.)   If this court had granted the motion to correct claim 4 of the patent, then Michilin may never have filed  a Request for Certificate of Correction.

Private interest consideration number 5 is the convenience of the witnesses.  Any witnesses from Alexandria could readily attend trial in this court, or in Alexandria.  However, Norfolk and Richmond would be inconvenient.

It would be more convenient for any witnesses from Taiwan to attend trial in this court or in Alexandria, as compared to Norfolk and Richmond.  Plaintiff and the inventor of the patent are each located in Taiwan.  Travel by commercial airline between Taiwan and the greater Washington, DC area (including Alexandria) is available through Dulles International Airport in suburban Virginia.  It is not available to Richmond and Norfolk except by inconvenient connections.  It is presently unclear whether witnesses from Taiwan are likely to appear at trial.

10

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF VENUE OR, IN THE**
**ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

Private interest consideration number 6 is the ease of access to sources of proof. Witnesses in Alexandria are more easily accessed from both this court and the Alexandria Division, as compared to the Norfolk Division and the Richmond Division.

Under the public interest considerations, number 1 is the proposed transferee court's familiarity with the governing laws. Both this court and the proposed transferee court are familiar with the Administrative Procedure Act., 5 U.S.C. §701 *et seq*., the All Writs Act, 28 U.S.C. §1651, and the federal patent law, 35 U.S.C. §1 *et seq*.

Public interest consideration number 2 is the relative congestion of the courts. The proposed transferee court is likely to get a civil case to trial within nine months. The same may be true in the present court, if the parties can agree on any witnesses to be presented at trial.

Public interest consideration number 3 is the local interest in deciding local controversies at home which appears inapplicable to the present case which does not comprise a local controversy.

Plaintiff seeks this court as the forum, and the claim arose in this court when plaintiff's motion to correct claim 4 of the patent was denied by this court. The relative convenience to the parties is better in this court and the Alexandria Division of the proposed transferee court, as

11

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF VENUE OR, IN THE
ALTERNATIVE, TO TRANSFER
Case No. 1:06-cv-01471-RWR**

compared to the Richmond Division and the Norfolk Division of the proposed transferee court.  The

public factors are not significant.  This case should not be transferred.  This case should proceed in

this court.


CONCLUSION


Michilin respectfully submits that the Motion should be denied and the Defendant allowed

thirty days to answer the Complaint, or in the alternative, the case should be transferred to the United

States District Court for the Eastern District of Virginia.



BACON & THOMAS, PLLC                    Respectfully submitted,
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176
Phone: 703-683-0500
Fax:  703-683-1080
E-mail:  mail@baconthomas.com                /s/
                                         _____
                                         Thomas J. Moore, D.C. Bar No.  294512
Date:   November 10, 2006                Felix J. D'Ambrosio, D.C. Bar No.  131243
                                         Attorneys for Plaintiff


2006.11.10.Opp. to Transfer.wpd