## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHILIN PROSPERITY CO., LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JON W. DUDAS, Under Secretary of** | ) | **Civil Action No. 06-01471 (RWR)** |
| **Commerce for Intellectual Property** | ) | |
| **and Director of the United States** | ) | |
| **Patent and Trademark Office,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
## FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant, Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), hereby files this memorandum in support of its Motion to Dismiss for Lack of Venue or, in the Alternative, to Transfer to the United States District Court for the Eastern District of Virginia ("Motion").

In its opposition to the USPTO's motion, plaintiff Michilin Prosperity Co., Ltd. ("Michilin") does not dispute that (1) the USPTO's principal office is located in Alexandria, Virginia, within the Eastern District of Virginia; (2) Director Jon Dudas' office is located in Alexandria, Virginia, within the Eastern District of Virginia; (3) and the "Decision on Petition," the reversal of which Michilin seeks in the present action was issued from the USPTO's Alexandria, Virginia offices, within the Eastern District of Virginia. Nor does Michilin dispute that under 35 U.S.C. § 2(b) the USPTO is deemed, for purposes of venue in

2

civil actions, to be a resident of the district in which its principal office is located - - the Eastern District of Virginia.[1]

However, Michilin continues to maintain, citing *no* case law in support, that venue for this action is proper in the District of Columbia, even though neither it nor the USPTO reside in the District of Columbia.  Michilin makes three arguments in support of venue in this district: (i) A substantial part of the property that is the subject of the present action – Michilin's '701 patent –  is situated in this district because it is the subject of a patent-infringement suit in this district.  Opposition to Defendant's Motion to Dismiss for Lack of Venue or In the Alternative, to Transfer ("Opp.") at 3-5; (ii) Defendant Jon Dudas resides in the District of Columbia because one of his titles is Undersecretary of Commerce for Intellectual Property, id. at 5-6; and (iii) The factors for "permissive transfer" under 28 U.S.C. § 1404 weigh in favor of retaining this action in the District of Columbia.  Id. at 7-12. None of these arguments has merit.

A.    **Michilin's Patent Is Not Situated in the District of Columbia**

Under 28 U.S.C. § 1391(e)(2) venue is proper in a judicial district in which a substantial part of the property that is the subject of the action is situated.  Michilin argues that "[a] substantial part of the ['701] patent is situated in this district, because the patent is asserted in the patent infringement suit, with a counterclaim of patent invalidity, that is currently pending in this district."  Opp. at 4-5.  Michilin refers here to its suit against

---

[1] In its Opposition to Defendant's Motion to Dismiss for Lack of Venue or In the Alternative, to Transfer, Michilin fails to discuss the contention, raised in its Complaint, that as a foreign entity it should be deemed for venue purposes to be a resident of the District of Columbia under 35 U.S.C. § 146.  Michilin thus has apparently abandoned this argument.

3

Fellowes, Inc., Civil No. 04-1025, in which Michilin alleges that Fellowes infringed the '701 patent, and in which Fellowes counterclaims that the '701 patent is invalid. *See* Opp. at 1, Exh. A.[2]

Michilin, however, provides no statutory, regulatory, or case law support for the proposition that a patent is situated in a district in which it is the subject of a patent-infringement suit. Indeed, the proposition that simply because a judicial district may be a proper venue for one defendant in an infringement suit, that same district is a proper venue over *every other* defendant involving the same patent, is ludicrous. Court cases do *not* create venue for future cases.

Moreover, a patent is *intangible* personal property, and as such has no actual situs. As was stated in *Interface Biomedical Labs v. Axiom Medical, Inc.*, 600 F.Supp. 731, 740 (E.D.N.Y. 1985):

> At most, plaintiff is contending in essence that it is injured in New York because its intellectual property rights, as intangible property, must be located wherever plaintiff is located. The Supreme Court has noted, however, that 'intangible property has no actual situs' and the fictional presence accorded such property by law 'can have no jurisdictional significance.'

*Id.* at 740 (*citing Rush v. Savchuk*, 444 U.S. 320, 328-30 (1980)); *see Pfeiffer v. Insty Prints*, No. 93-C-2937, 1993 WL 443403, at *6 n.4 (N.D. Ill. Oct. 29, 1993) ("there is doubt as to whether intangible property can satisfy the 'substantial property' requirement of 28 U.S.C. § 1391(a)(2)" [which is identical to 28 U.S.C. § 1391(e)(2)]). Therefore, it is incorrect to assert

---

[2] Michilin did not make this argument in its Complaint.

4

that a patent can be "situated" in any judicial district for purposes of determining proper venue under 28 U.S.C. § 1391.

**B.    Neither the USPTO Nor its Director, Jon Dudas, Resides in the District of Columbia**

Michilin admits that defendant Jon Dudas, as Director of the United States Patent and Trademark Office "is clearly a resident of Alexandria, Virginia."  Opp. at 5-6.  Michilin argues, however, that Mr. Dudas also resides in the District of Columbia because one of his titles is Undersecretary of Commerce for Intellectual Property, and the United States Department of Commerce is located in the District of Columbia.  *Id.*  This same argument was squarely rejected by this Court in *Boundy v. United States Patent and Trademark Office*, No. 01-879, 2002 WL 32166534 at *2 (D.D.C. 2002).  There, the plaintiff sued the Director of the USPTO and a number of individuals in their official capacities, claiming that they reside in the District of Columbia by virtue of their official duties there. *Id.*  The Court disagreed, stating in part:

> [T]here is an explicit statute that vests residence of the agency in the Eastern District of Virginia. To permit Plaintiff to avoid the requirements of 35 U.S.C. § 1(b), by adding the Director of the United States Patent and Trademark Office to the case, would obviate Congress' clear intention to have venue for these kinds of actions in the Eastern District of Virginia.  As such, the Court will not find the agency resident in this District, when the clear mandate of Congress is to place venue in the Eastern District of Virginia.

*Id.*

Michilin attempts to distinguish *Boundy* by asserting that, unlike here, the patent at issue in *Boundy* was not the subject of a pending lawsuit for patent infringement in this judicial

5

district.  However, this is not a relevant difference.  As discussed *supra*, the pending patent-

infringement suit involving the '701 patent is irrelevant to whether this district is the proper

venue for *this* action.  Michilin's attempt to frustrate the clear intention of Congress to

establish the Eastern District of Virginia as the appropriate venue for actions seeking judicial

review of USPTO administrative actions should therefore be rejected.

Moreover, Michilin's argument fails as a factual matter.  First, Michilin provides no

evidence that Mr. Dudas maintains an office in the District of Columbia.  Simply because Mr.

Dudas may report to someone who resides in the District of Columbia, does not mean that he

himself resides there.  Indeed, the Department of Commerce's own website shows that Mr.

Dudas resides at the USPTO address in Alexandria, Virginia, *see* Motion, Exh. 2, not at the

Department of Commerce headquarters.

Second, whatever duties Mr. Dudas may have as Undersecretary of Commerce for

Intellectual Property are simply not relevant to the present action, which seeks reversal of an

agency action taken by the Director of the USPTO.  The administrative action complained of

by Michilin, the Decision on Petition, was issued in response to Michelin's Petition to Mr.

Dudas as Director of the United States Patent and Trademark Office, *not* to Mr. Dudas as

Undersecretary of Commerce for Intellectual Property.  *See* Complaint, Exh. D (Michelin's

"Petition to the Director," addressed to the Director of the United States Patent and

Trademark Office in Alexandria, Virginia).  Michilin has provided no evidence that Mr.

Dudas has taken any action relevant to the present suit in his role as Undersecretary of

Commerce.  Indeed, this action has nothing to do with the Department of Commerce.  *See* 35

U.S.C. § 1(a) (although the USPTO is subject to the policy direction of the Department of

6

Commerce, it "retains responsibility for decisions regarding the management and administration of its operations").

### C. The Statutory Provision Governing "Permissive Transfer" Is Not Applicable Here Because Venue Is Not Otherwise Proper in the District of Columbia

Michilin's reliance on 28 U.S.C. § 1404 for retaining this action in the District of Columbia is inappropriate. Section 1404 does not authorize a court to retain an action if the court is not otherwise a proper venue for the action under 28 U.S.C. § 1391. *Nizami v. Woods*, 263 F.Supp. 124, 125 (S.D.N.Y. 1967) (finding that court was improper venue for the action under 28 U.S.C. § 1391 and denying plaintiff's motion to retain the action under 28 U.S.C. § 1404(a)). As stated in *Nizami*,

> Section 1404(a) provides a means to accommodate the convenience of the parties by referring a suit to an appropriate forum, but it is inapplicable unless venue is properly laid in the court which is asked to make the transfer. . . . Since venue in this District is improper, § 1404(a) quite clearly does not apply.

*Id.* Here, as previously explained, venue in this district is not proper, and Section 1404 is not applicable.

Section 1406, not Section 1404, applies when a court is considering what to do with a case laying venue in the wrong district. *United Financial Mortgage Corp. v. Bayshores Funding Corp.*, 245 F.Supp.2d 884, 895-96 (N.D. Ill. 2002) (holding that court could not transfer under § 1404(a) because it was not the proper venue for the action under § 1391, but that it could transfer the action under § 1406). Section 1406 provides in relevant part:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in

7

> the interest of justice, transfer such case to any district or
> division in which it could have been brought.

28 U.S.C. § 1406(a).  Thus, only two options are available when a case is brought in the

wrong venue: (i) dismissal or, (ii) in the interest of justice, transfer to a district where the case

may have been brought, *i.e.*, the Eastern District of Virginia.  Retention by a court that is the

wrong venue for the action is not permitted.

> **D.    Transfer to the Eastern District of Virginia Is Appropriate to
>          Comply with Congress' Clear Intention That Actions Seeking
>          Judicial Review of Administrative Actions by the USPTO Be Brought
>          in That District**

Michilin argues, in part, that this case should be retained in this district because it is an

"easy" trip from Alexandria, Virginia to this court by Metrorail.  Opp. at 8.[3]  Michilin misses

the point.  The point is not that the Eastern District of Virginia is significantly more

convenient that the District of Columbia, it is that the Eastern District of Virginia is the venue

favored by Congress for actions seeking judicial review of administrative actions by the

USPTO.  *Boundy*, 2002 WL 32166534 at *2.  The USPTO's motion to transfer should be

granted to give effect to that preference.

---

[3] Similarly, Michilin speculates that if this action were transferred to the Eastern
District of Virginia, Alexandria Division, it may subsequently be transferred by that court to
the Richmond Division or Norfolk Division, either of which would be less convenient for
plaintiff.  Opp. at 9.  Such a transfer is highly unlikely, however.  Under Eastern District of
Virginia Local Rule 3(c), the venue rules of 28 U.S.C. § 1391 are used to determine in which
division within the Eastern District of Virginia an action may be filed or transferred.  E.D.
Va. Loc. R. 3(c).  The venue rules of § 1391 clearly favor the Alexandria Division over either
the Richmond or Norfolk Divisions, since the USPTO is within the Alexandria Division and
the events underlying Michilin's claim occurred in the Eastern Division.  *See* E.D. Va. Loc. R
3(b)(1) (stating that the Eastern Division consists of the city of Alexandria, Virginia).  Thus,
the possibility that this case would be tried in Richmond or Norfolk is remote at best.

8

### III.  CONCLUSION

For the foregoing reasons and those stated in the Motion, this case should be dismissed

for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).  Alternatively, this

Court may transfer this action to the United States District Court for the Eastern District of

Virginia under 28 U.S.C. § 1406(a), at which point the defendant should be given 60 days to file

its answer.

<div style="margin-left:40%">

Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
Telephone: (202) 307-0406

</div>


*Of Counsel*:
John M. Whealan
Solicitor, U.S. Patent and Trademark Office

Benjamin D. M. Wood
Raymond T. Chen
Associate Solicitors

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 22nd day of November 2006, the foregoing was mailed postage

prepaid to:


Thomas J. Moore
Bacon & Thomas, PLLC
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176


_____/s/_____
MARIAN L. BORUM
Assistant United States Attorney