IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHILIN PROSPERITY CO., LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>DUDAS, Jon, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br><br>    Defendant | Case No.   1:06-cv-01471-RWR |

## SURREPLY TO DEFENDANT'S
## MOTION TO DISMISS FOR LACK OF VENUE OR,
## IN THE ALTERNATIVE, TO TRANSFER

Plaintiff, MICHILIN PROSPERITY CO., LTD. (referred to below as "Michilin"), submits this Surreply to the motion titled "DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF" (referred to below as the "Motion") served by Defendant, Jon Dudas (referred to below as "Dudas") on October 30, 2006.

There appears to be a point of misunderstanding in the "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER" (referred to below as the "Reply") filed by Dudas on November 22, 2006.  Therefore, Michilin respectfully submits that this surreply should be considered by the court.

**SURREPLY TO DEFENDANT'S MOTION
TO DISMISS FOR LACK OF VENUE OR,
IN THE ALTERNATIVE, TO TRANSFER
Case No. 1:06-cv-01471-RWR**

I.     A PATENT IS LOCATED WHERE THE PATENT IS INFRINGED.

The Reply at page 3, lines 8-9, states that "Court cases do *not* create venue for future cases." This appears to misunderstand Michilin's position. The court case in question is one where infringement of the subject patent is alleged, and the alleged infringer does not dispute jurisdiction. Thus, injury in this district is conceded, if infringement is proved. (The subject patent is U.S. Patent No. 6,550,701, and court case in question is Michilin Prosperity Co., Ltd. v. Fellowes, Inc., No. 1:04-cv-01025-RWR-JMF). Michilin's position that patent infringement in a judicial district establishes that district as at least one situs of that patent, finds support in a reported Federal Circuit decision which deals with long arm jurisdiction, and therefore, is not directly on point:

> Among the most important rights in the bundle of rights owned by a patent holder is *the right to exclude others*. This right is not limited to a particular situs, but exists anywhere the patent is recognized. It seems questionable to attribute to a patent right a single situs. *A patent is a federally created property right, valid throughout the United States. Its legal situs would seem to be anywhere it is called into play*. This point is illustrated by the fact that, when an infringement occurs by a sale of an infringing product, the right to exclude is violated at the situs where the sale occurs. [Footnote omitted.]

*Beverly Hills Fan Company v. Royal Sovereign Corp.*, 21 F.3d 1558, 1570 (Fed. Cir.), *cert. dismissed*, 512 U.S. 1273 (1994). The right to exclude others from practicing the claimed invention under a U.S. patent is certainly a right of national scope. When that right is violated by infringement, then the patent has a situs where the infringement occurs.

**SURREPLY TO DEFENDANT'S MOTION**
**TO DISMISS FOR LACK OF VENUE OR,**
**IN THE ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

II.   THE PERMISSIVE TRANSFER FACTORS SHOULD BE CONSIDERED IN VIEW OF THE PUBLIC POLICY TO CONSERVE JUDICIAL RESOURCES.

At page 6 of the Reply, Dudas' attorneys argue against use of the permissive transfer factors. Unlike jurisdiction, which involves the power to proceed in a lawsuit, venue involves convenience (where should the jurisdiction be exercised). Jurisdiction can be dispositive, venue ordinarily is not. Venue is therefore, flexible, not rigid, as is jurisdiction.

Defendant's Motion has taken the rigid approach. It is respectfully submitted that this approach is not justified for this court has already considered the substantive issue of correction of the subject patent, and construed the claims of the subject patent in the pending case, Michilin Prosperity Co., Ltd. v. Fellowes Manufacturing Co., Case No. 04-1025 RWR/JMF (referred to below as "Michilin v. Fellowes").

The present lawsuit seeks a Certificate of Correction of Claim 4 of the subject patent. The issue of the proper identity of Claim 4 has already been framed by the proceeding in Michilin v. Fellowes. What public policy would be served then to divest this Court with its accumulated experience with this issue, and move the issue for decision to another judge in another jurisdiction? Michilin submits that the answer to this question is "none." Judicial efficiency and economy should be the key considerations, not where Director Jon Dudas' office is located.

**SURREPLY TO DEFENDANT'S MOTION**
**TO DISMISS FOR LACK OF VENUE OR,**
**IN THE ALTERNATIVE, TO TRANSFER**
**Case No. 1:06-cv-01471-RWR**

CONCLUSION

Michilin respectfully submits that this Surreply should be considered by the court, and the Motion should be denied and the Defendant allowed thirty days to answer the Complaint, or in the alternative, the case should be transferred to the United States District Court for the Eastern District of Virginia.

BACON & THOMAS, PLLC
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176
Phone: 703-683-0500
Fax:  703-683-1080
E-mail:  mail@baconthomas.com

Respectfully submitted,

/s/
Felix J. D'Ambrosio, D.C. Bar No.  131243
Attorney for Plaintiff

/s/
Thomas J. Moore, D.C. Bar No.  294512
Attorney for Plaintiff

Date:  December 6, 2006

2006.12.06.Surreply to Transfer.wpd