## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHILIN PROSPERITY CO., LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JON W. DUDAS, Under Secretary of** | ) | **Civil Action No. 06-01471 (RWR)** |
| **Commerce for Intellectual Property** | ) | |
| **and Director of the United States** | ) | |
| **Patent and Trademark Office,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND THERETO, INSTANTER

Defendant, Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), moves to strike the surreply of plaintiff Michilin Prosperity Co., Ltd. ("Michilin") or, alternatively, to respond thereto. Michilin alleges that it needs to file a surreply to correct a "misunderstanding" found in the USPTO's Reply memorandum. Michilin Surreply at 1. Even if this were true – which it is not – it does not give Michilin the right to file a surreply. *See Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001) (denying plaintiff's motion to file a surreply because it was based on plaintiff's contention that defendant's reply "mischaracterized" her position).[1] More importantly, Michilin's contention is not true and is simply an excuse for Michilin to raise two

---

[1] Indeed, Michilin failed even to seek leave of this court before filing its surreply, which it was required to do. *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270, 276 (D.D.C. 2002).

2

brand new arguments that it could have, and should have, raised in its opposition

memorandum.

First, Michilin argues in its surreply that venue is proper in this district because its

'701 patent is situated here, due to Fellowes' infringement of the patent here.  Michilin

Surreply at 2 (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1570

(Fed. Cir. 1994)).  This is a new argument.  In its opposition to the USPTO's motion to

dismiss or transfer for improper venue, Michilin argued that the '701 patent was located in the

District of Columbia because of the infringement *action* here, not because of the alleged

infringement itself.  *See* Michilin's Opposition at 4-5 ("[a] substantial part of the patent is

situated in this district, because the patent is asserted in the patent infringement suit, with a

counterclaim of patent invalidity, that is currently pending in this district").[2]  Michilin may not

raise new arguments in a surreply that could have been raised in its opposition memorandum.

*Lightfoot v. District of Columbia*, No. Civ. 04-1280 (RBW), 2006 WL 54430, at *1 n.2

(D.D.C. Jan. 10, 2006).  Accordingly, this argument should be stricken and not considered by

the Court.

If this argument is considered, however, the USPTO responds that it has zero merit.

Assuming *arguendo* that a patent is legally situated where it is found to be infringed, Michilin

well knows that this Court has already evaluated and rejected Michilin's patent-infringement

allegations.  *Michilin Prosperity Co., Ltd. v. Fellowes, Inc.*, Civ. No. 04-01025 (RWR-JMF),

2006 WL 2521238, at *4-5. (D.D.C. Aug. 30, 2006) (granting Fellowes' motion for summary

---

[2] Michilin apparently has abandoned this notion that the patent-infringement suit itself
establishes the District of Columbia as the situs of the '701 patent.

3

judgment of non-infringement under the doctrine of equivalents).[3]  The premise upon which

Michilin bases this argument –  that the '701 patent has been infringed in the District of

Columbia –  is thus false.

Second, Michilin argues in its surreply that this court should apply the venue statute

"flexibl[y]" and retain the present action to further the interests of "[j]udicial efficiency and

economy."  Michilin surreply at 3.  This is also a new argument that Michilin could have

raised in its opposition memorandum, and thus is improperly raised for the first time in the

surreply.  *Lightfoot*, *supra.*  However, if this argument is considered, the USPTO responds

that it too is meritless.  As the Supreme Court has held, the statutory venue requirements may

not be set aside in favor of public policy considerations:

> The requirement of venue is specific and unambiguous; it is not
> one of those vague principles which, in the interest of some
> overriding policy, is to be given 'a liberal' construction.

*Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953).  Congress has made clear that

the Eastern District of Virginia is the venue for actions seeking judicial review of

administrative actions by the USPTO.  35 U.S.C. § 2(b); *Boundy v. United States Patent and

Trademark Office*, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. Oct. 2, 2002).  Transfer

of this case is necessary to give effect to Congress' decision.

---

[3]  Michilin did not assert literal infringement against Fellowes.  *Id.* at *4.

4

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
Telephone: (202) 307-0406


*Of Counsel*:
John M. Whealan
Solicitor, U.S. Patent and Trademark Office

Benjamin D. M. Wood
Raymond T. Chen
Associate Solicitors

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this <u>15th</u> day of December 2006, the foregoing was mailed postage

prepaid to:


Thomas J. Moore
Bacon & Thomas, PLLC
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176


<u>        /s/                                        </u>
MARIAN L. BORUM
Assistant United States Attorney