### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ——————————————— ) | |
| MICHILIN PROSPERITY CO., ) | |
| LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1471 (RWR) |
| ) | |
| JON W. DUDAS, ) | |
| ) | |
| Defendant. ) | |
| ——————————————— ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michilin Prosperity Co., Ltd. ("Michilin") brings
this patent suit against defendant Jon W. Dudas, Director of the
United States Patent and Trademark Office ("USPTO"), seeking
judicial review of Dudas's denial of Michilin's request for a
certificate of correction under 37 C.F.R. § 1.322 to correct an
alleged error in Michilin's patent.  Asserting that venue is
improper in the District of Columbia ("the District"), Dudas
moves to dismiss the case, or to transfer the action to the
United States District Court for the Eastern District of
Virginia.  Because the District lacks venue over this matter, and
it is in the interest of justice to transfer to an appropriate
forum rather than dismiss the case entirely, the motion to
transfer will be granted.

-2-

BACKGROUND

Michilin, a Taiwanese corporation, owns U.S. Patent
No. 6,550,701 ("'701 patent").  Michilin asked the USPTO to
correct an error in its '701 patent.  After the USPTO denied
Michilin's request, Michilin appealed to Dudas.  Dudas denied
Michilin's appeal and Michilin now seeks judicial review of this
denial.

Dudas moves under Federal Rule of Civil Procedure 12(b)(3)
to dismiss, or to transfer under 28 U.S.C. § 1406(a), arguing
that venue is improper in the District because Dudas, as director
of the USPTO, resides in Virginia, and the events or omissions
giving rise to Michilin's claim occurred in Virginia.  Michilin
claims that venue is proper here because the '701 patent is
situated in the District and Dudas, as Undersecretary of Commerce
for Intellectual Property, resides in the District.

DISCUSSION

Rule 12(b)(3) allows a case to be dismissed for improper
venue.  See Fed. R. Civ. P. 12(b)(3).  "[T]he plaintiff bears the
burden of establishing that venue is proper." Varma v.
Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (internal
quotations omitted).  "In considering a Rule 12(b)(3) motion, the
court accepts the plaintiff's well-pled factual allegations
regarding venue as true, draws all reasonable inferences from
those allegations in the plaintiff's favor, and resolves any

-3-

factual conflicts in the plaintiff's favor." Darby v. U.S. Dep't
of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  A court need
not accept the plaintiff's legal conclusions as true; however, to
prevail on a motion to dismiss for improper venue, a defendant
must present facts sufficient to defeat a plaintiff's assertion
of venue.  Id. at 277.

     In suits brought against an "officer or employee of the
United States or any agency thereof acting in his official
capacity," venue is properly laid in "any judicial district in
which (1) a defendant in the action resides, (2) a substantial
part of the events or omissions giving rise to the claim
occurred, or a substantial part of property that is the subject
of the action is situated, or (3) the plaintiff resides if no
real property is involved in the action."  28 U.S.C. § 1391(e).
"The United States Patent and Trademark Office shall be deemed,
for the purposes of venue in civil actions, to be a resident of
the district in which its principal office is located[.]"  35
U.S.C. § 1(b).  "The residence of an official defendant is
determined on the basis of the official residence of the federal
officer or agency."  Franz v. United States, 591 F. Supp. 374,
377 (D.D.C. 1984) (citing Lamont v. Haig, 590 F.2d 1124, 1128
n.19 (D.C. Cir. 1978) (explaining that the official residence of
a federal defendant is the district where his official duties are
performed and not the personal residence of the individual).

-4-

When venue is wrongly or improperly laid, the district court shall dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision of whether to dismiss or transfer rests within the sound discretion of the district court.  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them.  Hoffman v. Fairfax County Redev. & Hous. Auth., 276 F. Supp. 2d 14, 19 (D.D.C. 2003) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)); see also Varma, 421 F. Supp. 2d at 115 (finding transfer to be in the interest of justice because "to dismiss the action and direct the . . . plaintiff to refile her motion would be needlessly duplicative and costly"); Capital Bank Int'l, Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 78 (D.D.C. 2003) (granting transfer because it "will save the parties the time and expense of refiling this lawsuit in a different court").

The parties do not dispute that USPTO maintains its principal office in Alexandria, Virginia and Dudas performs his official duties there.  Although Dudas also serves as an officer in the Department of Commerce, which is located in the District, the parties agree that for the purposes of this case he is being sued in his official capacity as the director of the USPTO.

-5-

Further, the event giving rise to this action was Dudas's denial
of Michilin's correction request.  There is no disagreement that
this decision was made in USPTO's Virginia office.[1]  Thus, for
purposes of venue, Dudas resides in Alexandria, Virginia, which
is located within the Eastern District of Virginia.

Even though venue is improper here, transfer of this case to
a forum in which venue is proper is favored over dismissal.
Dismissing the case here and requiring Michilin to refile its
complaint in Virginia would be "needlessly duplicative and
costly."  Varma, 421 F. Supp. 2d at 115.  Further, Dudas agrees
that transfer would be appropriate here.  As such, this case will
be transferred to the Eastern District of Virginia.

### CONCLUSION AND ORDER

Although venue is improper in the District, because justice
favors transfer to the Eastern District of Virginia over
dismissal, Dudas's motion to transfer will be granted.
Accordingly, it is hereby

ORDERED that Dudas's motion [8] to transfer be, and hereby
is, GRANTED.  This case will be transferred to the Eastern
District of Virginia.  It is further

---

[1]  While Michilin also argues that venue is appropriate here
because the '701 patent is located in the District given
Michilin's pending patent infringement suit, that suit was
recently dismissed at the parties' request.  (See Michilin
Prosperity Co., Ltd. v. Fellowes Mfg. Co., Civil Action No. 04-
1025 (RWR), Stipulation of Dismissal filed on July 5, 2007.)

-6-

ORDERED that Dudas's motion [13] to strike be, and hereby is, DENIED as moot.

The Clerk of the Court is directed to transfer this case accordingly.

SIGNED this 31st day of July, 2007.


_____/s/_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE